law library ORIGINAL

IN THE SUPERIOR COURT OF GUAM

FILED
SUPERIOR COURT
2013 APR 17 PM 4: 51
BY _____ COURT

| | | |
|---|---|---|
| EARL D. BALDEVIA, | ) | CIVIL CASE NO. CV0823-06 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | DECISION AND ORDER |
| | ) | Defendant's Motion to Dismiss for Failure to |
| SEAQUEST GUAM, INC., dba GUAM | ) | Prosecute with Prejudice |
| SEAWALKER TOURS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

THIS MATTER came before the Court on Defendant's Motion to Dismiss for Failure to Prosecute with Prejudice, filed November 21, 2012. The Court held a hearing on the motion on January 24, 2013. Attorney Phil Torres appeared for the Defendant. Attorney Thomas J. Fisher appeared for the Plaintiff.

## FACTUAL AND PROCEDURAL BACKGROUND

1.  On July 6, 2006, Plaintiff filed his Complaint against Defendant ("Complaint").

2.  On September 29, 2006, Defendant filed a motion to dismiss and for summary judgment, which was heard on February 19, 2007 and denied on June 24, 2010.

3.  On September 22, 2010, Defendant filed its verified Answer to Plaintiff's Amended Complaint ("Answer").

4.  On November 21, 2012, Defendant filed his Motion to Dismiss for Failure to Prosecute with Prejudice ("Motion to Dismiss").

1

5. Aside from Plaintiff's November 16, 2012 Request for Trial Dates, Plaintiff has taken no steps to prosecute the action since the Defendants filed its Answer on September 22, 2010.

**LAW REGARDING RULE 41(b) DISMISSAL OF CASES**

Rule 41(b) of the Guam Rules of Civil Procedure authorizes the Court to dismiss an action for the plaintiff's failure to prosecute to prevent undue delay or congestion of the courts. "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Guam R. Civ. Proc. 41(b). Dismissal for failure to prosecute pursuant to Guam Rules of Civil Procedure Rule 41(b) is reviewed for an abuse of discretion. *Guam Hous. & Urban Renewal Auth. (GHURA) v. Dongbu Ins. Co.*, 2002 Guam 3 ¶ 14. The Guam Supreme Court has adopted a list of five factors that the Court must take into account in considering whether to dismiss an action: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Park v. Kawashima*, 2010 Guam 10 ¶ 10 (citing *Santos v. Carney*, 1997 Guam 4 ¶ 5). "Dismissal is appropriate if at least four factors favor dismissal or three factors 'strongly' support dismissal." *Id.* (citing *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir.1999)).

The burden is on the plaintiff to show the delay is reasonable and that the defendant is not prejudiced by the delay. *Id.* ¶ 11 (citing *Santos*, 1997 Guam 4 ¶ 5). If a reasonable excuse exists for the plaintiff's delay, the defendant would then have the burden to demonstrate prejudice. *Id.* The Supreme Court "give[s] deference to the trial court in determining the reasonableness of the

delay 'because it is in the best position to determine what period of delay can be endured before its docket becomes unmanageable.'" *Id.* (quoting *Santos*, 1997 Guam 4 ¶ 5).

## DISCUSSION

### 1. Public's interest in expeditious resolution of litigation and the court's need to manage its docket

The first two factors may be considered together. *Park*, 2010 Guam 10 ¶ 13 (citing *Santos*, 1997 Guam 4 ¶ 7). Plaintiff only argues that, "there is no indication that this litigation has in any way cluttered or impeded the flow of the trial docket." Additionally, during the January 24, 2013 hearing, when explaining whether any action had been taken in the lawsuit, Plaintiff stated that the "docket speaks for itself." Here, the only prosecutorial activity performed by Plaintiff was the November 16, 2012 filing of his Request for Trial Dates which was made approximately 26 months after Defendant had filed its Answer. Given that the case had been stagnant for approximately 26 months prior to the filing of the Request and a mere five days before Defendant had filed its Motion to Dismiss, it appears that Plaintiff's filing is simply an attempt to avoid a Rule 41(b) dismissal. There is no evidence as to whether the parties are ready for trial. It is unclear whether discovery has been completed or even conducted. Further, no scheduling order has ever been issued. Plaintiff failed to offer any justification for the delay. As such, Plaintiff's delay is unreasonable. Thus, the first two factors weigh in favor of dismissal.

### 2. Risk of Prejudice to Defendant

Next, the court considers the third factor. It is Plaintiff's burden to show that Defendant is not prejudiced by the delay. *See Park*, 2010 Guam 10 ¶ 11. If the delay is found to be unreasonable, prejudice against the defendant is presumed. *Id.* ¶ 21. In this case, since

3

Plaintiff's delay is unreasonable, the risk of prejudice to Defendant is presumed. Presumed prejudiced is sufficient to support a Rule 41(b) dismissal. *Santos,* 1997 Guam 4 ¶ 8. The third factor also weighs in favor of dismissal.

### 3. Public policy favoring disposition on the merits

The fourth factor "necessitates considering the public policy favoring disposition of a case on its merits which ordinarily weighs against dismissal." *Park,* 2010 Guam 10 ¶ 22 (citing *Santos,* 1997 Guam 4 ¶ 9). "Although public policy always favors a resolution of cases on their merits, and this factor generally weighs in favor of the plaintiff, 'it must be weighed against the first two factors, the expeditious resolution of litigation and the court's need to manage its docket.'" *Id.* (quoting *In re Estate of Concepcion v. Siguenza,* 2003 Guam 12 ¶ 23).

The question in this case is whether the policy of determining cases on their merits justifies the delay and prejudice caused by Plaintiff's actions. "'It is sufficient to demonstrate that the plaintiff has 'ignored his responsibilities to the court in prosecuting the action and the defendant had suffered prejudice as a result thereof.'" *Id.* ¶ 23 (quoting *Santos,* 1997 Guam 4 ¶ 9). This policy, however, "'should not be used defensively as a shield by a passive Plaintiff who has failed in his obligation to prosecute the defendants with the vigor expected of a plaintiff.'" *Id.*

Here, Plaintiff ignored his responsibilities to the Court in prosecuting this case and because of the delay, Defendant was prejudiced. Park's failure to prosecute is evidenced by the inactivity and dilatoriness in moving the case forward, thus causing an unreasonable delay. Plaintiff, therefore, has failed to show how this factor outweighs the expeditious resolution of

4

litigation and the Court's need to manage its docket. Accordingly, this factor also weighs in favor of dismissal.

## 4. Availability of less drastic sanctions

Lastly, with respect to the fifth factor, although the Court is empowered to issue lesser sanctions than a dismissal, "The trial court is not required to impose lesser sanctions, when the rules do not so provide, and when to do so would encourage neglect and noncompliance with the Guam Rules of Civil Procedure." *Santos,* 1997 Guam 4 ¶ 10. Therefore, despite the Court not imposing lesser sanctions, the Court finds that imposing lessor sanctions would condone or promote further delay. As such, his factor weighs in favor of dismissal.

Weighing all the five factors above, Plaintiff failed to carry the burden of establishing the reasonableness of the delay and failed to rebut the presumption of prejudice arising from such delay. Although dismissal is a harsh penalty, the Court weighed the necessary factors before dismissing the action and application of the above factors support dismissal.

## CONCLUSION

Based on the foregoing, the Court GRANTS the Defendant's Motion to Dismiss with Prejudice and therefore issues a judgment of dismissal.

April 17, 2013.

SERVICE VIA COURT BOX
I acknowledge that a copy of the Original hereto was placed in the court box of:

Attorneys: T. Fisher
P. Tovar, atty Roxano/Daia
Date: 4/18/13 Time:

Deputy Clerk. Superior Court of Guam

_Katherine A. Maraman_
HONORABLE KATHERINE A. MARAMAN
Judge, Superior Court of Guam

5

Called: 4/18/13 9:47 am